UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BARTHOLOMEW,

        Plaintiff(s),

v.

UNUM LIFE INSURANCE COMPANY, et al.,

        Defendant(s).

NO. C07-1156MJP

ORDER ON JOINT CR 37 MOTION TO COMPEL

The above-entitled Court, having received and reviewed Plaintiff's Motion to Compel – Joint CR 37 Submission, all exhibits and declarations attached thereto, and having heard oral argument, makes the following ruling:

IT IS ORDERED that the motion is DENIED.

**Background**

In this action under the employee Retirement Income Security Act (29 U.S. C. § 1001 *et seq.* (ERISA), Plaintiff challenges Defendant's benefits decision and seeks to recover further benefits under her long-term disability (LTD) plan.

Plaintiff propounded two sets of discovery requests to Defendant UNUM and one set to Defendant Cardinal Health. The interrogatories seek such information as:

- All rules, guidelines and protocols in force during the decision on Plaintiff's application
- Names and addresses of everyone (employees, medical and vocational consultants) involved in processing, investigating and evaluating Plaintiff's application
- Details of compensation and financial incentives plans and Defs' organizational structure
- Revenue and profitability reports for the last 10 years
- Any document discussing the claims handling process published during the last 10 years
- All documents demonstrating compliance with required claims processes

**ORDER ON CR 37
MTN TO COMPEL - 1**

- Privilege Log for any material withheld under attorney-client privilege or work-product doctrine.

Defendants responded with a general objection to all interrogatories and RFPs which included the arguments that this discovery

- was impermissible under ERISA and the FRCPs (not calculated to lead to relevant or admissible evidence)
- requested privileged information
- was broad, overly burdensome and harassing
- requested information that was either in Plaintiff's possession or equally available to Plaintiff
- concerned proprietary, trademarked or confidential information.

Additionally, Defendants objected to Plaintiff's second set of discovery requests served on UNUM as untimely: the requests were served two weeks before the expiration of discovery, which does not give Defendants 30 days to respond, as permitted under the rules of civil procedure.

**Discussion/Analysis**

Plaintiff makes much of recent Ninth Circuit decisions which have eroded the deference accorded administrative decision makers.

In Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955 (9th Cir. 2006), the Ninth Circuit qualified the historically deferential "abuse of discretion" review standard by requiring reviewing courts to conduct a broader and more probing review where there was any evidence of a conflict of interest in the administrative process (e.g., where the determination of benefits was being made by the same body responsible for payment of benefits). In such circumstances, the reviewing court is permitted to consider extrinsic evidence in determining the nature, extent and effect of any possible conflict. Where it appears that the administrator has engaged in procedural irregularities, additional evidence may be taken. The greater the evidence of any irregularities arising out of such conflict, the more the review standard would shift away from "abuse of discretion" and towards *de novo* review. Id., pp. 965-69.

**ORDER ON CR 37
MTN TO COMPEL - 2**

Saffon v. Wells Fargo & Co. Long Term Disability Plan, 522 F.3d 863 (9th Cir. 2008) is a post-Abatie case where the 9th Circuit discussed the "weight" to be accorded a potential conflict of interest. Where evidence of inconsistent reasons for denial, failure to adequately investigate or request necessary information or repeated wrongful denials exists, the conflict will be weighted more heavily and less deference accorded the administrator's decision.

The problem for Plaintiff, however, is that these decisions say nothing about expanding the scope of discovery within the ERISA process. When the appellate courts refer to supplementing the administrative record, they are referring to information which the plaintiffs already had in their possession. Furthermore, the references to extrinsic evidence concern the court obtaining more information on which to base its decision, not to a plaintiff obtaining larger amounts of information through the discovery process.[1]

Further damaging Plaintiff's position here is that in the final analysis her discovery request is little more than a fishing expedition. There are no allegations of actual conflicts or irregularities in her proceedings, and Plaintiff's position boils down to "because Abatie permits the court to consider information outside the record if there is evidence of conflict of interest, I should be permitted to engage in wide-ranging discovery to find evidence of such a conflict." This is an unwarranted expansion of the Abatie rationale, and Plaintiff presents no case support for it. Furthermore, the request flies in the face of the principles of streamlining and efficiency that underlie the ERISA statutory scheme.

In addition to overstepping the parameters of ERISA, Plaintiff's request does not comply with FRCP 26. Plaintiff makes no showing of how her interrogatories and RFPs are narrowly tailored to lead to the discovery of admissible evidence. As pointed out, her arguments suggest that she is *hoping*

---

[1] Plaintiff here alleges that the Saffon court "ordered further discovery on remand to the district court." Joint Mtn, p. 19. The Saffon opinion in fact says nothing about reopening discovery, discussing simply what further evidence the plaintiff may present on remand.

**ORDER ON CR 37**
**MTN TO COMPEL - 3**

to find something admissible amidst all the information she's seeking. And some of her requests (seeking information spanning a 10-year period) are overly broad and burdensome.

As a final matter, the Court also agrees with Defendants that the second set of interrogatories served on Defendant UNUM (which permitted it only 14 days to respond before the discovery cutoff deadline) were untimely and may be stricken on that basis. LR 16(f) clearly states that "[i]nterrogatories, requests for admission or production, etc. must be served sufficiently early that all responses are due before [the discovery cutoff] deadline."

**Conclusion**

Plaintiff's discovery requests are outside the statutory and case authority guidelines for an ERISA action; her motion to compel is therefore DENIED.

Additionally, her second set of interrogatories to UNUM are STRICKEN as untimely.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: September _26__, 208

Marsha J. Pechman
U.S. District Judge